# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| ROBERT M. RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:16-cv-00805-LSC-SGC |
| KEVIN LEWIS, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The magistrate judge entered a report on January 11, 2021, recommending the court dismiss the plaintiff's claims against the sole remaining defendant, former Cullman County Sheriff's Deputy Kevin Lewis. (Doc. 37). More specifically, the report recommended: (1) any claims based on a December 29, 2015 traffic stop be dismissed without prejudice; (2) Lewis's motion for summary judgment be granted and plaintiff's Fourth Amendment claims based on a January 1, 2016 traffic stop be dismissed with prejudice; and (3) Lewis's motion to strike be denied as moot. (*Id.*). The plaintiff has filed objections to the report and recommendation. (Doc. 38). As explained below, the plaintiff's objections are due to be overruled.

### A.     December 29, 2015 Arrest

The report concluded the plaintiff's claims for monetary relief concerning the December 29, 2015 traffic stop are barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  Specifically, the report reasoned a judgment in the plaintiff's favor would necessarily imply the invalidity of his underlying conviction for unlawful possession of a controlled substance. (Doc. 37 at 9-13).  Thus, the magistrate judge concluded the plaintiff's claims based on the stop are premature under *Heck*, until that conviction is reversed, expunged, or declared invalid. (*Id.*).

In his objections, the plaintiff notes he is on probation, not incarcerated or detained.  Based on his probation status, the plaintiff contends he is "ineligible for habeas relief" to invalidate his conviction. (Doc. 38 at 3, 5).  Accordingly, the plaintiff argues the magistrate judge's reasoning would deny him a forum to litigate his claims regarding the December 29, 2015 traffic stop. (*Id.* at 5).

Federal habeas relief is only available to a petitioner "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254.  However, "[i]n the context of habeas proceedings, the 'in custody' requirement may also be met where a petitioner is on probation, parole or bail." *Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982); *Price v. Sec'y, Fla. Dep't of Corr.*, 548 F. App'x 573, 575 (11th Cir. 2013) (petitioner's term of probation and designation as a sexual predator meant he was

still "in custody" for purposes of 28 U.S.C. § 2254).[1] Thus, the plaintiff's probation status does not preclude the application of *Heck*.

As the magistrate judge concluded, if this court found the December 2015 traffic stop to be improper, all "fruits of the poisonous tree" would be subject to suppression, and the plaintiff's guilty plea and conviction based on the stop would be undermined. *See Cano-Diaz v. City of Leeds, Ala.*, 882 F. Supp. 2d 1280, 1288-89 (N.D. Ala. 2012) ("if Cano-Diaz were to prevail on her claim that she was pulled over and detained without the requisite probable cause or reasonable suspicion, the fruit of the poisonous tree doctrine would apply to invalidate or expunge the second offense she was charged with"). Therefore, the plaintiff's § 1983 claim based on the December 2015 search of his vehicle is not viable as long as the conviction remains valid. *See Heck*, 512 U.S. 486-87.

Accordingly, the plaintiff's objections to the report and recommendation regarding the December 29, 2015 traffic stop are **OVERRULED**, and the plaintiff's claims based on the stop are due to be dismissed as premature.

### B.      January 1, 2016 Arrest

The plaintiff does not dispute that he was driving without a registration plate on January 1, 2016, giving Lewis probable cause to stop him. (Doc. 38 at 5). Neither

---

[1] To the extent the plaintiff's objections are premised on his guilt via plea instead of trial, the Eleventh Circuit has held that *Heck* applies to guilty plea convictions. *See Salas v. Pierce*, 297 F. App'x 874, 876 (11th Cir. 2008) (per curiam).

does the plaintiff dispute that, while Lewis waited for dispatch, the canine alerted to the presence of drugs—giving Lewis probable cause to search the vehicle. (*Id.* at 6). Instead, the plaintiff alleges Lewis did not find any drugs after searching the vehicle twice; he alleges it was only after a third search that "a pill was revealed." (Doc. 34 at 5-6; Doc. 38 at 7). The plaintiff contends Lewis was "upset" he had posted bond shortly after his December 29, 2015 arrest and that Lewis fabricated the evidence due to a "personal vendetta." (Doc. 38 at 8).

The plaintiff has offered only his conclusory and unsubstantiated assertions that Lewis fabricated evidence by planting a pill in his vehicle. Neither is the plaintiff's contention that officers' body cameras failed to capture the entire stop sufficient to show Lewis fabricated evidence. The court notes that the plaintiff alleged in his amended complaint the vehicle did not belong to him and it was his first time driving it. (Doc. 11 at 6). If true, the plaintiff cannot rule out that the pill was in the vehicle just because Lewis failed to see it during his previous searches.

The plaintiff has not come forward with any evidence establishing Lewis violated his Fourth Amendment right to be free from unreasonable search and seizure by fabricating evidence against him; his objections based on the January 1, 2016 traffic stop are **OVERRULED**. *See Kingsland v. City of Miami*, 382 F.3d 1220, 1227 n.8 (11th Cir. 2004) (noting a court "need not entertain conclusory and unsubstantiated assertions of fabrication of evidence" at summary judgment),

4

*abrogated on other grounds by Williams v. Aguirre*, 965 F.3d 1147 (11th Cir. 2020). Accordingly, there are no genuine issues of material fact and Lewis's motion for summary judgment on the plaintiff's Fourth Amendment claims based on the January 1, 2016 traffic stop is due to be granted on the basis of qualified immunity.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court **ADOPTS** the magistrate judge's report and **ACCEPTS** her recommendation. Accordingly, the plaintiff's Fourth Amendment claims based on the December 29, 2015 traffic stop are due to be dismissed without prejudice.  Furthermore, Lewis's motion for summary judgment on the plaintiff's Fourth Amendment claims based on the January 1, 2016 traffic stop is due to be granted, the court finding no genuine issues of material fact exist.  Lastly, defendant Lewis's motion to strike is due to be denied as moot.

A Final Judgment will be entered.

**DONE** and **ORDERED** on February 11, 2021.

_____
L. Scott Coogler
United States District Judge

160704